IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

YOLANDA GREEN                                                                                    PLAINTIFF

vs.                                              Civil No. 4:17-cv-04064

NANCY A. BERRYHILL                                                                         DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Yolanda Green ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on April 3, 2014. (Tr. 16). In these applications, Plaintiff alleges she is disabled due to lupus, fluid in her lungs, rapid heart rate, shortness of breath, physical discomfort, type 2 diabetes, high blood pressure, arthritis, and swelling. (Tr. 242). Plaintiff alleges an onset date of December 28, 2012. (Tr. 16). These applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

denied initially and again upon reconsideration. (Tr. 70-106).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 35-69). An administrative hearing was held on April 7, 2016 in McAlester, Oklahoma. *Id.* At the administrative hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Diana Kaiser testified at this hearing. *Id.*

On May 3, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 13-28). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 18, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 28, 2012. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lupus; hypertension; diabetes mellitus, type II; and obesity. (Tr. 19-20, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb of ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, or crawling [crawl]; and she must be allowed to alternate between sitting and standing every 15-20 minutes through the workday for the purpose of changing positions but without leaving the workstation.

*Id.*

The ALJ determined Plaintiff was forty (40) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB).  (Tr. 27, Finding 7).  The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 27, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW.  (Tr. 26, Finding 6).  The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 27-28, Finding 10).  Specifically, the ALJ determined Plaintiff retained the capacity to perform unskilled, sedentary work as an (1) order clerk with 40,000 such jobs in the national economy; and (2) call out operator with 21,000 such jobs in the national economy.  (Tr. 27).  Furthermore, the ALJ determined Plaintiff also retained the capacity to perform her past job as a customer service representative.  *Id.*  Accordingly, based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 28, 2012 through the date of the ALJ's decision or through May 6, 2016.  (Tr. 28, Finding 11).

Plaintiff requested the Appeals Council's review the ALJ's unfavorable disability determination.  (Tr.1).  On June 23, 2017, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-3).  On August 3, 2017, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on August 3, 2017.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff alleges her case should be reversed and remanded for the following reasons: (A) the ALJ erred in evaluating Listing 14.02; (B) the ALJ erred by failing to consider her impairments in combination; and (C) the ALJ erred in evaluating the VE's testimony. ECF No. 11 at 1-18. In response, Defendant argues there is no basis for reversal in this case. ECF No. 12. The Court will address each of these arguments.

**A.     Listing 14.02**

Plaintiff claims her impairments meet the requirements of Listing 14.02. ECF No. 11 at 3-13. Specifically, Plaintiff claims her impairments meet the requirements of Listing 14.02 for "her systemic lupus, jaccoud's arthritis, and chronic side effects of her medications." *Id.* Upon review of this Listing, Plaintiff must demonstrate an "involvement of two or more organs/body systems, with: 1. One of the organs/body systems involved to at least a moderate level of severity; and 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary

weight loss)."

In the present action, Plaintiff has demonstrated involvement of "two or more organs/body systems" (including the kidneys, hands, etc.), but Plaintiff has not affirmatively demonstrated in the record that her impairments meet the second requirement of Listing 14.02: "At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)."

Plaintiff has the burden of demonstrating her impairments meet all the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter and as outlined above, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet all of the requirements of Listing 14.02. Thus, the Court finds no basis for reversal on this issue.

### B. Impairments in Combination

Plaintiff claims the ALJ erred in assessing her impairments in combination. ECF No. 11 at 13-15. In considering impairments in combination, the ALJ is required to consider the "evidence *as a whole*" and is required to collectively consider the claimant's "*impairment*s." *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (emphasis added).

In his opinion, the ALJ stated he considered the "combined impact" of Plaintiff's conditions ("including hypertension, obesity, and diabetes") and has considered her impairments "individually and in combination." This is sufficient under *Hajek*. Thus, the Court finds no basis for reversal on this issue. Furthermore, it should be noted that a claimant should not be found to be disabled simply because she alleges she suffers from a number of impairments.

### C. VE's Testimony

Plaintiff summarily claims the ALJ erred by failing to "properly follow the vocational expert's finding" that she "cannot perform sedentary work" because she can only occasionally grasp

bilaterally. ECF No. 11 at 15-17. Upon review, however, instead of questioning the sufficiency of the VE's testimony at Step Five, Plaintiff is actually attacking the ALJ's RFC finding. The vocational expert would not (and should not) be making a finding about Plaintiff's RFC or her grasping ability.

To support her claim that she *can only* perform occasional grasping bilaterally, Plaintiff references her rheumatologist's records which state her hands were "getting worse." ECF No. 11 at 16. Plaintiff offers no other support for this claim. Based upon these facts, the Court finds this issue is not fully briefed and cannot find a basis for reversal on this issue.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE